UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MALTBIE'S GARAGE COMPANY, INC.,**

                                  **Plaintiff,**

  vs.                                                             1:21-CV-581
                                                                               (MAD/TWD)

**GENERAL MOTORS LLC,**

                                  **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**MALTBIE'S GARAGE COMPANY, INC.**
1794 State Route 9
Lake George, New York 12845
Plaintiff *pro se*

**SEYFARTH SHAW LLP**                       **EDDY SALCEDO, ESQ.**
620 8th Avenue – 32nd Floor               **JAMES C. MCGRATH, ESQ.**
New York, New York 10018                **CALEB SCHILLINGER, ESQ.**
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Maltbie's Garage Company, Inc., commenced this action on May 19, 2021, in Warren County Supreme Court against Defendant, General Motors, LLC, for violations of the New York Franchised Motor Vehicle Dealer Act (hereinafter "the Dealer Act"). On May 21, 2021, Defendant removed the action to this Court and subsequently moved to dismiss. On October 26, 2021, the Court granted in part and denied in part Defendant's motion. *See* Dkt. No. 31.

      Prior to the Court's decision on the pending motion to dismiss, Plaintiff's counsel, Arent Fox, provided notice to Plaintiff that it is seeking to withdraw as counsel in this case, but would abstain from doing so until after the Court decided the pending motion. *See* Dkt. No. 33. In an

Order dated November 16, 2021, the Court granted Arent Fox's request to be relieved as counsel to Plaintiff.  *See* Dkt. No. 38.  In that Order, the Court directed Plaintiff's to retain new counsel within forty-five (45) days and advised Plaintiff that, because it is a corporation, it may not proceed with this action *pro se*.  *See id.* at 3 n.1.  The Court further warned Plaintiff that "if it fails to retain new counsel as directed, this action will be dismissed for failure to prosecute."  *Id.*[1]  To date, no attorney has made an appearance on behalf of Plaintiff and Plaintiff has not been in contact with the Court to seek an extension of time to do so.

On January 4, 2022, Defendant moved to dismiss for failure to prosecute.  *See* Dkt. No. 42.  In its motion, Defendant notes that the forty-five day deadline for new counsel to make an appearance on Plaintiff's behalf has expired and that Defendant's counsel has not received any communication from Plaintiff indicating that it has retained, or is even planning to retain, new counsel.  *See id.* at 3.  As such, Defendant contends that dismissal is warranted.

Rule 41(b) of the Federal Rules of Civil Procedure provides in part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits."  "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court."  *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

---

[1] To ensure Plaintiff received the Court's November 16, 2021 Order, the Court directed Plaintiff's counsel to serve a copy of the Order on Plaintiff within three days.  Dkt. No. 38 at 3.  On November 17, 2021, Arent Fox filed a declaration attesting that counsel served copies of the Order on Plaintiff both via email on November 16 and via FedEx delivery on November 17.  *See* Dkt. No. 39.

In considering whether dismissal for failure to prosecute is appropriate, the court must examine five factors, namely, whether

> "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions."

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quotation omitted). No one factor is dispositive, and the appropriateness of dismissal must be determined in light of the record as a whole. *See id.* (citation omitted).

Here, the deadline for Plaintiff to retain new counsel was December 31, 2021, and, to date, no new counsel has entered an appearance and Plaintiff has not sought an extension of time to do so or communicated with the Court in any way. Since Plaintiff has been without counsel since November 16, 2021, no discovery has taken place. The Court further notes that Plaintiff has known since at least October 8, 2021, that Arent Fox would be seeking to be relieved as counsel. *See* Dkt. No. 33 at 1.

As to the second factor, the Court specifically warned Plaintiff that failure to retain new counsel would result in dismissal of this action since, as a corporation, it cannot proceed *pro se*. To ensure Plaintiff received this notice, Arent Fox was directed to serve the Order on Plaintiff and in their email to Plaintiff with the Order attached, Arent Fox further warned Plaintiff that this action would be dismissed unless it retained new counsel. *See* Dkt. No. 39-2.

As to the third factor, Defendant has set forth facts demonstrating that Plaintiff has been in material breach of the parties' Dealer Agreement and is not fulfilling its obligations as a dealer for more than a year. As explained in Defendant's November 3, 2021 letter to the Court, Plaintiff is

no longer conducting sales and service operations and the dealership is now "defunct." As such, it is potentially harming Defendant's goodwill in the market. *See* Dkt. No. 32 at 3.

Although the fourth factor is neutral, the fifth factor weighs heavily in favor of dismissal. As noted, because Plaintiff is a corporation, this action cannot proceed unless Plaintiff is represented by counsel. *See Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). As such, Plaintiff's failure to retain substitute counsel renders it legally incapable of prosecuting this action, and dismissal is the only appropriate course.

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss for failure to prosecute (Dkt. No. 42) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 26, 2022
Albany, New York

Mae A. D'Agostino
U.S. District Judge